# EXHIBIT A

> If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.

Nathan S. Morris (#9431)
Lena Daggs (#11939)
**EISENBERG CUTT KENDELL & OLSON**
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Email: ldaggs@eckolaw.com
        nmorris@eckolaw.com
*Attorneys for Plaintiff*

---

## IN THE THIRD DISTRICT COURT IN AND OF
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| JOSEPH S. MARTINEZ, | **COMPLAINT AND JURY DEMAND (TIER THREE)** |
| Plaintiff, | |
| vs | Judge:   Patrick Corum |
| SMITH'S FOOD AND DRUG CENTER, INC. dba SMITH'S MARKETPLACE, a Utah corporation; and THE KROGER COMPANY, an Ohio corporation, | Case No.   210906416 |
| Defendants. | |

Plaintiff, by and through counsel, hereby complains against the above-captioned Defendants as follows:

### PARTIES, JURISDICTION, & VENUE

1.      Plaintiff resides in Salt Lake County, State of Utah.

2.      Defendant Smith's Food and Drug Center, Inc. dba Smith's Marketplace ("Smith's Marketplace") is a Utah corporation that is a subsidiary of the Kroger Company, with a principal place of business in Salt Lake City, Utah.

3.     Defendant Smith's Marketplace owns or otherwise operates a store at approximately 455 South 500 East, Salt Lake City, Utah where the subject incident occurred.

4.     Defendant The Kroger Company, is an Ohio corporation and the parent company of Defendant Smith's Marketplace, which has a principle place of business in Utah. At all times herein, The Kroger Company is referred to as "Smith's Marketplace."

5.     The incident giving rise to this Complaint took place in Salt Lake County, State of Utah.

6.     This Court has jurisdiction in this action pursuant to Utah Code §78A-5-102.

7.     Venue is proper before this Court pursuant to Utah Code § 78B-3-307.

## GENERAL ALLEGATIONS

8.     On August 2, 2018, Plaintiff was a customer at Smith's Marketplace.

9.     Plaintiff was entering Smith's Marketplace at the East entrance, and passed through the automatic doors and walked towards the shopping carts.

10.     As he was walking, he unexpectedly slipped on water on the floor and fell down on his left leg.

11.     There were no warning signs in the area of the wet floor.

12.     Plaintiff suffered serious injuries as a result of his fall, including an open fracture of his ankle.

13.     He was taken to the hospital by an ambulance, underwent several surgeries, resided at an inpatient rehabilitation facility for several months, and underwent physical therapy.

2

## FIRST CLAIM FOR RELIEF
### (Negligence)

14.     Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

15.     Defendants owed Plaintiff a duty to exercise reasonable care with respect to the premises.

16.     Defendants breached their duties in one or more of the following ways:

   a.  Failing to maintain the premises in a safe condition;

   b.  Failing to adequately inspect the premises;

   c.  Placing and/or leaving water on the floor, where customers could slip;

   d.  Failing to provide warning of the unsafe condition of the premises; and

   e.  Any other acts and/or omissions that may later be discovered.

17.     Defendants' breaches were a direct and proximate cause of Plaintiff's injuries.

## SECOND CLAIM FOR RELIEF
### (Premises Liability and Non-Delegable Duty)

18.     Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

19.     Defendants were the owners and possessors of the premises, Smith's Marketplace and therefore owed non-delegable duties to make the premises safe and breached those duties to make the premises reasonably safe as set forth above.

20.     Plaintiff was an invitee in Smith's Marketplace.

21.     Defendants knew of or by the exercise of reasonable care would have discovered the dangerous condition of the water on the floor.

22.     Defendants should have realized that the dangerous condition involved an unreasonable risk of harm to Plaintiff and other invitees.

23.     Defendants should have expected that Plaintiff would not discover or realize the dangerous condition of the premises or would fail to protect himself against the condition.

24.     Defendants failed to exercise reasonable care to protect or warn Plaintiff from the dangerous condition in the store.

25.     Defendants' failures were a direct and proximate cause of Plaintiff's injuries and damages.

### THIRD CLAIM FOR RELIEF
**(Vicarious Liability)**

26.     Plaintiff incorporates all preceding paragraphs herein and further alleges the following:

27.     At all times pertinent, Defendants acted through their employees, owners, and officers while in the course and scope of their employment for Defendants.

28.     Under the theory of respondeat superior, Defendants are vicariously liable for the conduct of their employees, owners, and officers.

### DAMAGES

29.     Plaintiff incorporates by reference all preceding paragraphs herein and further alleges the following:

30.     As a direct and proximate result of Defendants' wrongful acts, omissions, and negligence, Plaintiff incurred past and future medical expenses in an amount to be proven at trial.

31.     As a direct and proximate result of Defendants' wrongful acts, omissions and negligence, Plaintiff experienced and will experience physical, mental, and emotional pain and

4

suffering; loss of enjoyment of life; impairment; disability; disfigurement; and other non-economic damages in an amount to be proven at trial.

32.     As a direct and proximate result of Defendants' wrongful acts, omissions, and negligence, Plaintiff has suffered and will suffer a loss of wages, earning capacity, household services and other economic damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants in an amount sufficient to satisfy the Tier III damages requirement of the Utah Rules of Civil Procedure:

a.     For economic damages in an amount to be determined at trial;

b.     For non-economic damages in an amount to be determined at trial;

c.     For costs, interests, and attorney fees to the extent allowed by law; and

d.     For such further relief as the Court deems appropriate.

## TIER DESIGNATION

Pursuant to Utah Rules of civil Procedure 8(a) and 26(c)(3), this matter falls under Tier Three and should be permitted discovery pursuant to Tier Three.

## JURY DEMAND

Plaintiff demands a jury trial of all issues that may be tried of right by a jury.

DATED this 29th day of November, 2021.

EISENBERG CUTT KENDELL & OLSON

/s/ _____
Nathan S. Morris
Lena Daggs
*Attorneys for Plaintiff*

5